Dear Mr. Spruel:
This office is in receipt of your request for an Attorney General's opinion regarding your office's participation in the Partners in Education program. According to your letter, the Partners in Education program matches each individual public school in Calcasieu parish with a "partner", who provides assistance to the school as well as monetary or in-kind contributions. You are concerned that participation by your office as a "partner" would violate Article VII, Sec. 14 of the Louisiana Constitution, and seek our advice in that regard.
As you know, La. Const. Art. VII, Sec. 14 prohibits the loan, pledge, or donation of the funds or assets of the state or any political subdivision "to or for any person, association, or corporation, public or private." This constitutional provision has been interpreted by the Louisiana Supreme Court in City ofPort Allen v. Louisiana Municipal Risk Agency, 439 So.2d 399
(La. 1983), which held that the Constitution is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. In City of Port Allen, supra, the Court stated: "even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations or to individuals merely for a `public purpose'."
The jurisprudence of this state also makes it clear that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. See: James v. Rapides Parish Police Jury, 113 So.2d 88
(La.App. 2nd Cir. 1959), which interpreted La. Const. Art. IV, Sec. 12, a provision almost identical to the present Art. VII, Sec. 14(A).
This office is supportive of all efforts to improve the quality of education in this state, and we commend your office's interest in improving education in Calcasieu. Regrettably, we are unaware of any provision of law that would obligate or authorize the use of public funds entrusted to the District Attorney's office for law enforcement and judicial purposes to be utilized for the general enhancement of public schools. See Attorney General Opinion Nos. 97-283 and 92-204.
However, in light of the fact that your office is engaged in law enforcement, it is the opinion of this office that you and other agencies, including public schools, can engage in cooperative law enforcement endeavors. Pertinent in this regard is Guste v. Nicholls College Foundation, 564 So.2d 682 (La. 1983). Therein, the Louisiana Supreme Court determined that a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was given and accepted "under the authority of the constitution and laws of this state" as the funds were "transferred in the discharge of the Federation's constitutional or legal duties" and were accepted by the Foundation "with a commitment to assist the Federation in carrying out its constitutional and legal duties in public education".
In accordance with the Guste decision, a District Attorney's office can provide funds and assistance to a public school if the transfer is pursuant to a cooperative endeavor agreement wherein the school agrees to perform, on behalf of the District Attorney's Office, legal or statutory obligation(s) or function(s) that would otherwise be performed by the District Attorney's Office. In other words, the funds and assistance transferred to the school could only be utilized by the school for matters related to the duties of the District Attorney, such as law enforcement, drug education and crime prevention.
I trust this is responsive to your request. If this office can assist you further, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JEANNE-MARIE ZERINGUE BARHAM 
Assistant Attorney General
RPI:JMZB:jv